PAUL W. DAUGHARTY
PAUL W. DAUGHARTY, P.A.
Attorney at Law
505 E. Front Avenue, Suite 301
Coeur d'Alene, ID 83814
Telephone No.: (208) 664-3799
Facsimile No.:   (208) 758-0851
E-Mail: paul@pdaughartylaw.com
ISB#4520

Attorney for Resort Aviation Services, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RESORT AVIATION SERVICES, INC., an Idaho corporation,<br><br>Plaintiff,<br><br>v.<br><br>KOOTENAI COUNTY, a political subdivision of the State of Idaho; and KOOTENAI COUNTY BOARD OF COMMISSIONERS, in their official capacities,<br><br>Defendant. | CIVIL CASE NO: 2:19-cv-133<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff, RESORT AVIATION SERVICES, INC., an Idaho corporation, by and through his attorney Paul W. Daugharty of the firm PAUL W. DAUGHARTY, P.A., and hereby allege as follows:

### I. Jurisdiction and Venue

1.      This action arises under federal law, particularly Section 1983 of Title 42 of the United States Code, and its right to not have its property interest altered or otherwise adversely

affected without first being provided with reasonable notice and an opportunity to be heard and/or being afforded constitutionally protected procedural due process.

2. Additional claims arise under Idaho law.

3. This Court has jurisdiction over this cause of action under provisions of Title 28 of the United States Code, Sections 1331 and 1343. Damages claimed are in excess of the minimum jurisdictional amount necessary to file a civil suit in the United States District Court for the District of Idaho.

4. Venue is proper pursuant to Title 28 of the United States Code, Section 1391(b).

5. Plaintiff, RESORT AVIATION SERVICES, INC., an Idaho corporation requests that the Court invoke ancillary-pendent jurisdiction to adjudicate all state law claims pursuant to Title 28 of the United States Code, Section 1367.

## II. Description of the Parties

5. At all times material hereto Plaintiff, RESORT AVIATION SERVICES, INC., ("Resort Aviation") was and remains a corporation organized and existing under the laws of the State of Idaho and doing business in Kootenai County, Idaho.

6. At all times material hereto, Defendant, KOOTENAI COUNTY ("Kootenai County") was and remains a body politic, municipal corporation and/or political subdivision of the State of Idaho created and existing under the laws of the State of Idaho and doing business in Kootenai County, Idaho. Among its powers is the power to sue and be sued.

7. At all timed material hereto, Defendant, KOOTENAI COUNTY BOARD OF COMMISSIONERS ("BOC") exercise the powers of Kootenai County. The BOC for Kootenai County are Chris Fillios, Bill Brooks and Leslie Duncan.

### III. General Allegations

8.      Resort Aviation began operating as a fixed-base operator ("FBO") at the Coeur d'Alene Airport in Kootenai County, Idaho in approximately 1986. On or about October 15, 1996, Resort Aviation assumed a Lease Agreement held by Empire Airlines with Kootenai County, a political subdivision of the State of Idaho ("Kootenai County") and became the only FBO operating at the Coeur d'Alene Airport. Prior to that time Resort Aviation and Empire Airlines had been operating as the only FBO's at the Coeur d'Alene Airport in Kootenai County, Idaho. In order to operate as the FBO at the Coeur d'Alene Airport, Resort Aviation was required and did incur substantial costs and expense in developing and maintaining an FBO as required by both the Federal Aviation Administration and Kootenai County. This substantial cost and expense was incurred in good faith based upon agreements made with Kootenai County concerning the ownership of the FBO at the Coeur d'Alene Airport. On or about December 29, 2015, Resort Aviation renewed its Lease Agreement with Kootenai County. The purpose of the Lease Agreement was to allow Resort Aviation to continue to act as an FBO at the Coeur d'Alene Airport in Kootenai County, Idaho. The initial term of the Lease Agreement was twenty-five (25) years.

9.      On or about July 3, 1991, Lawrence L. Booher ("Booher") entered into a Lease Agreement with Kootenai County. The purpose of the Lease Agreement was to operate and maintain an airplane hangar at the Coeur d'Alene Airport in Kootenai County, Idaho. The initial term of the Lease Agreement was thirty (30) years. Pursuant to Article IV, Section 4.01 of the Lease Agreement, Booher as Lessee, agreed that his "right to use said public facilities and improvements in common with others shall be subject to the laws, rules, and regulation of the United Stated of America, State of Idaho, Kootenai County, and other governmental bodies having

jurisdiction, and Lessee agrees to abide by these laws, rules, and regulations." Pursuant to Article V, Section 5.12 of the Lease Agreement, Booher as Lessee, agreed to "abide by all applicable local, County, State and Federal laws, rules, regulations and ordinances as may apply to the leasehold granted." This Lease Agreement dated July 3, 1991 is in the possession of Kootenai County.

10. On or about May 16, 1995, South Field Fuel, Inc., an Idaho corporation ("South Field Fuel") entered into a Lease Agreement with Kootenai County. The purpose of the Lease Agreement was to allow South Field Fuel to operate and maintain an Aircraft Fuel Storage/Dispensing Facility at the Coeur d'Alene Airport in Kootenai County, Idaho. The initial term of the Lease Agreement was twenty-five (25) years. Pursuant to Article IV of the Lease Agreement, South Field Fuel as Lessee, agreed that its "right to use said public facilities and improvements in common with others shall be subject to the laws, rules, and regulations of the United States of America, State of Idaho, Kootenai County, Federal Aviation Administration, and other governmental bodies having jurisdiction, and Lessee agrees to abide by these laws, rules, and regulations." Pursuant to Article V, Section 5.10 of the Lease Agreement, South Field Fuel as Lessee, agreed to "abide by all applicable federal, state, and local laws, rules, regulations, or ordinances as may apply to the leasehold granted in this Lease, to include Federal Aviation Administration." This Lease Agreement dated May 16, 1995 in possession of Kootenai County.

11. On or about March 9, 1999, Heliprop Aircraft, Inc., an Idaho corporation ("Heliprop Aircraft") entered into a Lease Agreement with Kootenai County. The purpose of the Lease Agreement was to operate and maintain a tie down area at the Coeur d'Alene Airport in Kootenai County, Idaho. The initial term of the Lease Agreement was twenty-five (25) years. Pursuant to Article IV of the Lease Agreement, Heliprop Aircraft as Lessee, agreed that its "right

COMPLAINT                                                                                           Page - 4

to use said public facilities and improvements in common with others shall be subject to the laws, rules, and regulations of the United States of America, State of Idaho, Kootenai County, Federal Aviation Administration, and other governmental bodies having jurisdiction, and Lessee agrees to abide by these laws, rules, and regulations." Pursuant to Article V, Section 5.10 of the Lease Agreement, Heliprop Aircraft as Lessee, agreed to "abide by all applicable federal, state, and local laws, rules, regulations, or ordinances as may apply to the leasehold granted in this Lease, to include Federal Aviation Administration." This Lease Agreement dated March 9, 1999 is in the possession of Kootenai County.

   12. In or about 1993 Kootenai County adopted Rules and Regulations of the Coeur d'Alene Airport and Minimum Standards for Commercial Aeronautical Activities ("Minimum Standards"). The Minimum Standards defines a "Fixed Base Operator" as "any partnership, person, firm or corporation who rents or leases any portion of the airport facility and who engages in the operation of aircraft for profit, using said airport as an operational base or provides flight service for profit." See Minimum Standards at Part I, Section 2, Paragraph 15 at Page 3. Pursuant to the Minimum Standards adopted by Kootenai County "no person shall engage in any business or commercial activity of any nature whatsoever on the airport except in conformity with the requirements of the Airport Manager and the Kootenai County Commissioner's policy and under such terms as they may prescribe and in accordance with these regulations." See Minimum Standards at Part II, Paragraph 6 at Page 5. A true and correct copy of the above-referenced provisions of the Minimum Standards are attached hereto as Exhibit "A" and incorporated herein by reference.

   13. The Minimum Standards adopted by Kootenai County provides that "no Fixed Base Operator or other Lessee or Concessionaire shall engage in any business or activity other than

those for which they have received approval from the Kootenai County Board of County Commissioners." See Minimum Standards at Part VII at Page 17. The Minimum Standards adopted by Kootenai County also provides that "it is the intent of this policy to promote fair competition at the Coeur d'Alene Air Terminal and not to expose those who have undertaken to provide commodities and services to irresponsible competition." See Minimum Standards at Part VII at Page 17. A true and correct copy of the above-referenced provisions of the Minimum Standards are attached hereto as Exhibit "B" and incorporated herein by reference.

14.     The Minimum Standards adopted by Kootenai County provides that any person "conducting aviation fuel and oil sales or services to the public on the airport shall be required to provide…conveniently located heated lounge or waiting rooms for passengers and airplane crews of itinerant aircraft together with sanitary restrooms and public telephones." See Minimum Standards at Part VII, Paragraph A, Sub-Paragraph (e.) at Pages 17 and 18. A true and correct copy of the above-referenced provision of the Minimum Standards is attached hereto as Exhibit "C" and incorporated herein by reference.

15.     Kootenai County, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) have, by their actions and/or omissions, allowed, enabled and permitted Booher, South Field Fuel and/or Heliprop Aircraft to operate and conduct business in violation of their respective Lease Agreements and the Minimum Standards adopted by Kootenai County and has denied Resort Aviation the equal protection of laws in violation of the equal protection clause and the protections afforded by the Fifth and Fourteenth Amendments to the United Stated Constitution resulting in damage and injury to Resort Aviation.

16.     Kootenai County, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) have, by their actions and/or omissions, allowed

Booher, South Field Fuel and/or Heliprop Aircraft to operate an FBO in violation of their respective Lease Agreements and the Minimum Standards adopted by Kootenai County. The actions and/or omissions of Kootenai County, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) have enabled, allowed and permitted Booher, South Field Fuel and/or Heliprop Aircraft to engage in unfair competition with Resort Aviation resulting in substantial damages. Provided, further, Kootenai County, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) have breached the Lease Agreement entered into with Resort Aviation and have violated the covenant of good faith and fair dealing owed to Resort Aviation.

17. Kootenai County, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) have, by their actions and/or omissions, denied Resort Aviation of its rights as guaranteed under the Constitutions of the United States and State of Idaho. Provided, further, Kootenai County, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) have, by their actions and/or omissions, caused Resort Aviation to suffer both economic and non-economic losses and damages.

### Count One
### Takings Violation

18. Resort Aviation re-alleges and incorporates Paragraphs 1 through 17 as if fully set forth herein.

19. Resort Aviation has a protected property interest in the FBO business operated at the Coeur d'Alene Airport. Provided, further, Resort Aviation is entitled to the use and enjoyment of the property, including the right to require Kootenai County to require all other FBO operators to comply with their respective Lease Agreements and the Minimum Standards adopted by

Kootenai County.

20. Kootenai County, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) have, by their actions and/or omissions, caused Resort Aviation to suffer both economic and non-economic losses and damages and has resulted in a takings of Resort Aviation's property without just and fair compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

## Count Two
## Violation of 42 U.S.C. §1983

21. Resort Aviation re-alleges Paragraphs 1 through 20 as if fully set forth herein.

22. Kootenai County, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) actions constitute state conduct for the purposes of causes of action arising under the Constitutions of the United States and of the State of Idaho.

23. Kootenai County, its agents, employees, and/or representatives Defendants have denied Resort Aviation its rights under the Constitutions of the United States and of the State of Idaho. Such deprivations include but are not otherwise limited to allowing other FBO operators to operate and conduct business in violation of their respective Lease Agreements and the Minimum Standards adopted by Kootenai County and has denied Resort Aviation the equal protection of laws in violation of the equal protection clause and the protections afforded by the Fifth and Fourteenth Amendments to the United Stated Constitution resulting in damage and injury to Resort Aviation.

24. Kootenai County, its agents, employees, and/or representatives have interfered with Resort Aviation's property interests.

25. The alleged conduct of Kootenai County, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) constitutes

violations of Section 1983 of Title 42 of the United States Code, entitling Resort Aviation to injunctive and declaratory relief and to monetary damages for redress.

26. Resort Aviation has suffered monetary harm in an amount to be subject to proof.

27. The alleged conduct of Kootenai County, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) was malicious, irrational, arbitrary and/or capricious.

## Count Three
### Denial of Substantive Due Process Under the Constitutions of the United States and State of Idaho

28. Resort Aviation re-alleges Paragraphs 1 through 26 as if fully set forth herein.

29. Kootenai County, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) actions constitute state conduct for the purposes of causes of action arising under the Constitutions of the United States and of the State of Idaho.

30. Kootenai County, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) have denied Resort Aviation its rights under the Fourteenth Amendment to the Constitution of the United States and Art. I. §13 of the Constitution of the State of Idaho.

31. Kootenai County, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) allowing other FBO operators to operate and conduct business in violation of their respective Lease Agreements and the Minimum Standards adopted by Kootenai County has interfered with Resort Aviation's use of its property and deprived Resort Aviation of a constitutionally protected property interest.

32. Resort Aviation relied on its Lease Agreement with Kootenai County to its detriment.

33. The alleged conduct of Kootenai County, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) was and is an arbitrary, unreasonable and impermissible infringement of Resort Aviation's rights under the due process clauses of the Constitutions of the United States and State of Idaho.

34. The alleged conduct of Kootenai County, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) has harmed Resort Aviation.

35. This deprivation was subjected and/or caused to be subjected by persons acting under color of state law, namely the Kootenai County Board of Commissioners.

36. The alleged conduct of Kootenai County, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) shocked the conscience and were arbitrary and capricious, having no substantial relation to the public health, safety, morals, or general welfare.

## Count Four
**Denial of Equal Protection Under the Constitutions of the United States and State of Idaho**

37. Resort Aviation re-alleges Paragraphs 1 through 36 as if fully set forth herein.

38. Kootenai County, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) actions constitute state conduct for the purposes of causes of action arising under Fourteenth Amendment of the Constitutions of the United States and Art. I. §13 of the Constitution of the State of Idaho.

39 Kootenai County, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) have required Resort Aviation to comply with the terms and conditions set forth in its Lease Agreement and the Minimum Standards adopted by Kootenai County but have allowed other FBO operators to operate and conduct business in

violation of their respective Lease Agreements and the Minimum Standards adopted by Kootenai County.

40. Kootenai County, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) charged with enforcement exceeded their lawful powers and by arbitrary action caused or threatened irreparable injury to property and civil rights of Resort Aviation.

## Count Five
## State Law Claim - Breach of Contract
### (Lease Agreement)

41. Resort Aviation re-alleges Paragraphs 1 through 40 as if fully set forth herein.

42. Resort Aviation has at all timed performed as required pursuant to the Lease Agreement entered with Kootenai County. Furthermore, the Lease Agreement is supported by adequate consideration.

43. Kootenai County, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) has failed and refused to perform as required pursuant to Lease Agreement entered with Resort Aviation.

45. As a result of Kootenai County's, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) breach of the Lease Agreement, Resort Aviation has incurred damages believed to be in excess of $250,000.00 to be proven at trial.

## Count Six
## State Law Claim - Breach of Covenant of Good Faith and Fair Dealing

46. Resort Aviation re-alleges Paragraphs 1 through 45 as if fully set forth herein.

47. Implied by law in every written contract is the covenant of good faith and fair dealing. Kootenai County, its agents, employees, and/or representatives (including members of

the Board of Kootenai County Commissioners) have breached this covenant.

48. As a result of Kootenai County's, its agents, employees, and/or representatives (including members of the Board of Kootenai County Commissioners) breach of the covenant of good faith and fair dealing, Resort Aviation has incurred damages believed to be in excess of $250,000.00 to be proven at trial.

## Jury Demand

Resort Aviation demands that all issues of fact raised by this Complaint be tried by a jury.

## Prayer for Relief

WHEREFORE, Plaintiff, Resort Aviation requests the following relief:

1. Judgment against the Defendants on all claims; and judgment against the individual Defendants on the violation of Section 1983 of Title 42 of the United States Code;

2. An award of damages as established at trial;

3. That Resort Aviation be awarded reasonable attorney's fees and costs; and

4. For such other and further relief as the Court deems just and proper.

DATED this 17 day of April, 2019.

PAUL W. DAUGHARTY, P.A.

By: _____
Paul W. Daugharty
Attorney for Plaintiff Resort Aviation

## VERIFICATION

STATE OF IDAHO      )
                                  ss.
County of Kootenai  )

FRED MILLER, President of RESORT AVIATION SERVICES, INC., an Idaho corporation, being sworn, says that the facts set forth in the foregoing Complaint are true, accurate, and complete to the best of his knowledge, information and belief.

RESORT AVIATION SERVICES, INC.

By: _____
FRED MILLER, President

SUBSCRIBED AND SWORN to before me this  16  day of April, 2019.

_____
Notary Public in and for the State of Idaho
Residing at  Coeur d'Alene, Idaho
My Commission Expires  1-24-2023

PART II

USE OF AIRPORT FACILITIES

1. Hours of operation - The airport landing areas, ramps, aprons and parking areas shall be open to the public for all hours of the day and night subject to these rules and regulations and such additional conditions as may be determined by the Airport Manager and the County Commissioners.

2. Airport Property - All persons having entered on the Coeur d'Alene Airport shall be governed by the regulations herein prescribed and by orders and instructions of the Airport Manager and the County Commissioners relative to the use and/or occupation of any part of the airport property.

3. Airport Liability - Kootenai County, its agents, or employees shall not be liable for loss, damage, or injury to persons or property arising out of any accident, incident, or mishap of any nature whatsoever and/or from any cause whatsoever to any individual, aircraft or property, occurring on the airport or in the use of any airport facility.

    Kootenai County and the Airport Management are not responsible for loss, theft or vandalism of any automobile, aircraft, aircraft part or any item left in any automobile, aircraft or structure on or at the Airport.

4. Damage to Airport Property - Any person damaging, injuring or destroying Airport property, either accidentally or intentionally, shall be liable for the cost of destruction, injury or damage thereof.

5. Disorderly Conduct - No person shall commit any disorderly, obscene, indecent or unlawful act or create any nuisance on the airport.

6. ==Business and Commercial Activities - No person shall engage in any business or commercial activity of any nature whatsoever on the airport except in conformance with the requirements of the Airport Manager and the Kootenai County Commissioners' policy and under such terms as they may prescribe and in accordance with these regulations.==

7. Sports Events - No so-called drag races, hot rod races, go cart races or similar sports events will be held on the aprons, ramps, taxiways or runways of the airport except by the permission of and under such conditions as determined by the Airport Manager and the County Commissioners.

COEUR D'ALENE AIRPORT
RULES AND REGULATIONS          5                    "EXHIBIT" A

6. Proper insurance and hold harmless clauses in such amounts and under such conditions as the Kootenai County Board of County Commissioners deem proper shall be incorporated in said lease.

7. There shall be no assignment, transfer or sale of the lease or business permit without prior written consent of the Kootenai County Board of County Commissioners.

## PART VII

### STANDARDS FOR SPECIFIC ACTIVITIES

In addition to meeting the requirements of PART VI, Paragraph D, every person conducting the following specific activities shall meet the additional requirements as hereinafter set out. No Fixed Base Operator or other Lessee or Concessionaire shall engage in any business or activity other than those for which they have received approval from the Kootenai County Board of County Commissioners.

The fact that a party has received a permit or license to conduct a specific activity upon the airport conveys no exclusive rights. The right to carry on business at the airport is a privilege conveyed by the county commissioners and, subject to those rights set forth in the lease agreement and the license, may be granted concurrently to any other party. Furthermore, it is the policy to grant the right and privilege to carry on business at the airport to all qualified persons who meet the requirements set forth in PART VI and PART VII of these regulations.

It is the intent of this policy to promote fair competition at the Coeur d' Alene Air Terminal and not to expose those who have undertaken to provide commodities and services to irresponsible competition. These rules and regulations adopt and enforce minimum standards to be met by those who propose to conduct a commercial aeronautical activity. These standards, by expressing minimum levels of service that must be offered, relate primarily to the public interest, but appropriate requirements, uniformly applied, discourage substandard enterprises, thereby protecting both established aeronautical activity and Airport patrons.
It is not the policy of the Coeur d' Alene Air Terminal or the Kootenai County Board of Commissioners to impose any unreasonable requirement or standard not relevant to the proposed activity.

A. <u>Public Fuel, Oil Sales and Service</u> - Persons conducting aviation fuel and oil sales or service to the public on the airport shall be required to provide the following.

   a. One grade of aviation fuel.

"EXHIBIT" B

6. Proper insurance and hold harmless clauses in such amounts and under such conditions as the Kootenai County Board of County Commissioners deem proper shall be incorporated in said lease.

7. There shall be no assignment, transfer or sale of the lease or business permit without prior written consent of the Kootenai County Board of County Commissioners.

## PART VII

### STANDARDS FOR SPECIFIC ACTIVITIES

In addition to meeting the requirements of PART VI, Paragraph D, every person conducting the following specific activities shall meet the additional requirements as hereinafter set out. No Fixed Base Operator or other Lessee or Concessionaire shall engage in any business or activity other than those for which they have received approval from the Kootenai County Board of County Commissioners.

The fact that a party has received a permit or license to conduct a specific activity upon the airport conveys no exclusive rights. The right to carry on business at the airport is a privilege conveyed by the county commissioners and, subject to those rights set forth in the lease agreement and the license, may be granted concurrently to any other party. Furthermore, it is the policy to grant the right and privilege to carry on business at the airport to all qualified persons who meet the requirements set forth in PART VI and PART VII of these regulations.

It is the intent of this policy to promote fair competition at the Coeur d' Alene Air Terminal and not to expose those who have undertaken to provide commodities and services to irresponsible competition. These rules and regulations adopt and enforce minimum standards to be met by those who propose to conduct a commercial aeronautical activity. These standards, by expressing minimum levels of service that must be offered, relate primarily to the public interest, but appropriate requirements, uniformly applied, discourage substandard enterprises, thereby protecting both established aeronautical activity and Airport patrons.
It is not the policy of the Coeur d' Alene Air Terminal or the Kootenai County Board of Commissioners to impose any unreasonable requirement or standard not relevant to the proposed activity.

A. <u>Public Fuel, Oil Sales and Service</u> - Persons conducting aviation fuel and oil sales or service to the public on the airport shall be required to provide the following.

    a. One grade of aviation fuel.

COEUR D'ALENE AIRPORT
RULES AND REGULATIONS    17

"EXHIBIT" C

      repairs or alterations of less than twenty-four (24) hours' duration.

    c. Adequate shop space to house the equipment and machine tools, jack lifts and testing equipment to perform top overhauls as required for FAA certification and repair parts not needing replacement on all single engine and light multi-engine general aircraft.

    d. At least one FAA certified airframe and power plane mechanic available.

    e. Facilities for washing and cleaning aircraft if operator engages in said business.

    f. The County Commissioners and the Airport Manager reserve the right to waive any of the above, with the recommendation of the Airport Advisory Board, if in its opinion existing conditions justify such a waiver.

D. <u>Aircraft Rental and Sales</u> - Persons conducting an aircraft rental and sales activity shall provide the following.

    a. Office space for consummating sales and/or rentals and the keeping for proper records in connection therewith.

    b. Hangar storage space for at least one aircraft to be used for sales or rental.

    c. Airworthy aircraft suitably maintained and certified for rental.

    d. For sales activity of a new aircraft, a sales or distributorship franchise from a recognized aircraft manufacturer of new aircraft.

    e. Adequate facilities for servicing and repairing the aircraft or satisfactory arrangements with other operators approved by the County Commissioners for such service and repairs.

    f. There shall be available a properly certified pilot capable of demonstrating new aircraft for sale or for checking out rental aircraft.

    g. The minimum stock of readily expendable spare parts or adequate arrangements for securing spare parts required for the type of aircraft and models sold.

    h. Current up-to-date specifications and price list for types and models of new aircraft sold.