# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RESORT AVIATION SERVICES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>KOOTENAI COUNTY, a political subdivision of the State of Idaho; and KOOTENAI COUNTY BOARD OF COMMISSIONERS,<br><br>    Defendants. | Case No. 2:19-cv-00133-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff Resort Aviation Services, Inc.'s unopposed Motion to Amend its Complaint (Dkt. 13). For the reasons explained below, the Court will grant the motion.

## BACKGROUND

Plaintiff filed this lawsuit against Kootenai County and the Board of Commissioners in April 2019. After filing its initial complaint – and well before the deadline established in the Scheduling Order, *see* Dkt. 14 – plaintiff filed a

motion seeking to amend its complaint. The proposed amended complaint adds new factual detail along with a request for preliminary and permanent injunctive relief. The requested injunction would require Kootenai County to: (1) void a lease agreement it entered into with a third party (StanCraft Jet Center); (2) issue a request for proposals for what is known as the "north ramp" at the Coeur d'Alene airport; and (3) complete "required and necessary updated minimum standards for the Coeur d'Alene Airport." *Proposed Am. Compl.*, Dkt. 13-1, at 15-16. The County does not oppose the motion.

## DISCUSSION

Motions to amend are analyzed under Federal Rule of Civil Procedure 15(a). Rule 15(a) is a liberal standard and leave to amend "shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946 (9th Cir. 2006). When determining whether to grant leave to amend, the Court considers five factors to assess whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Having considered these factors, the Court will grant leave to amend. Most significantly, plaintiffs are well within the deadline established in the Scheduling

Order and the defendants do not oppose the motion. Otherwise, there are no indications of bad faith, undue delay, or prejudice to the opposing party.

## ORDER

**IT IS ORDERED that:**

(1) Plaintiff's Motion to Amend (Dkt. 13) is **GRANTED**.

(2) Plaintiff is directed to formally file its First Amended Complaint within 7 days of this Order.

(3) Defendant is directed to file a response to the First Amended Complaint within 21 days of the date the First Amended Complaint is filed.

DATED: October 29, 2019

_____
B. Lynn Winmill
U.S. District Court Judge